## STATE ex BRICKER v RUFF

Ohio Common Pleas, Hamilton Co

Decided March 14, 1937

Stewart Cooper, Cincinnati, for plaintiff. John C. McCarthy, Cincinnati, for defendant.

### OPINION

By FREDERICK L. HOFFMAN, J.

This case comes to this court on error from the Municipal Court of Cincinnati.

The state of Ohio, through its attorney general, brought suit to recover from the defendant the sum of $181 which was the amount of the award of the Industrial Commission to one Price Overlin on account of injuries received in the course of his employment by the defendant, A. G. Ruff, doing business as The Queen City Store & Fixture Manufacturing Company.

The Municipal Court on the first trial gave judgment for plaintiff. After a motion for a new trial had been granted a judgment was given for defendant.

The defendant did not comply with the Workmen's Compensation Law and therefore became liable as a self-insurer.

This action was brought under §1465-74, GC, which provides that after an award has been made to an injured employee the state, through the attorney general, is authorized to bring an action against the employer who has not complied with the Workmen's Compensation Act.

The defendant, before this action was brought, paid to the injured employee the amount of the award, except $125, allowed for medical services.

The evidence shows that the defendant and the attending physician, Dr. Glenn Adams, entered into an agreement whereby the said Dr. Adams was to perform all medical services required for the sum of One Hundred Dollars. The evidence further shows that the defendant paid to Dr. Adams on account of said services the sum of $25 and that $75 remains unpaid.

Under the Workmen's Compensation Law the commission was authorized to make an award, including a reasonable amount for medical services.

Sec 1465-68, GC, provides for "compensation for medical, nurse and hospital services."

The amount fixed by the commission is not open to question unless it is contrary to the law as set forth in the Workmen's Compensation Act. See 95 Oh St 232; 103 Oh St 185. The court did so hold in those cases for the reason that the award for the injury is fixed by the commission arbitrarily in the schedule itself, provided for in the statute. In these cases the question as to the value of medical services was not raised.

The award, insofar as it relates to medical services, is not fixed in any schedule and therefore must be construed to mean a reasonable amount and not to exceed the charge made by the physician himself for said medical services.

The purpose of the act is to fully compensate the injured workman for the injury and to protect and save him from any expense because of medical care etc. If full and proper compensation, as fixed by the law, has been made by the employer no award at all should be made. It would be unnecessary and futile to make an award for that which has already been paid.

In this case compensation for the injury itself, excepting that for medical care, has already been paid and therefore no judgment for the injury could have been awarded by the Municipal Court. If the bill for medical services had been fully paid no judgment could have been given for such services. When the reasons and purposes for making an award no longer exist, the award could not be made.

In the instant case there was a contract between the employer (defendant) and Dr. Adams where by Dr. Adams agreed to render all necessary services to the injured employee for the sum of One Hundred Dollars, and $25 of this amount has actually

been paid. This does not prevent the plaintiff from recovering a judgment against the defendant for the unpaid balance of $75. If the law were otherwise the defendant by paying any part of an attending physician's bill might escape payment of the balance, as well as the penalties provided by the Workmen's Compensation Act. Though the commission has the right under the statute to include in its award an amount for medical services ▮▮ rendered the injured employee, when this amount has already been fixed by contract with the physician its award should not exceed the amount so fixed.

In this case the award of $125 made by the commission is $25 in excess of the charge made by the physician himself. If the award of the commission for $125 should now be upheld it would receive $50 more than the amount now due for said services and it would then either have to pay this amount to Dr. Adams or place it in the treasury of the Workmen's Compensation Fund. This would be violative of the spirit and intent of the Workmen's Compensation Act which is merely to compensate injured employees for their loss in wages and expenses incurred. It was never intended to compel employers to pay more than proper compensation, except where a penalty is attached because said employer has failed to comply with its just and legal award.

The court is therefore of the opinion that the judgment of the Municipal Court should be reversed and judgment rendered for plaintiff in the sum of Seventy-five ($75) Dollars plus interest.